## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VICTORIA DYSINGER,<br><br>               Plaintiff,<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA, a foreign corporation,<br><br>               Defendant. | Case No: CIV-14-1308-D<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

1. Plaintiff is an individual residing in Oklahoma County, State of Oklahoma.

2. Defendant, Unum Life Insurance Company of America is a foreign corporation doing business in Oklahoma. Unum's principal place of business and domicile is in a state other than Oklahoma.

3. Venue is proper in the Western District of Oklahoma pursuant to 28 U.S.C. § 1391.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the parties have diverse citizenship and the amount in controversy exceeds the jurisdictional amount, exclusive of costs and interest.

5. Ms. Dysinger was insured under a group life insurance policy issued by Unum Life Insurance Company of America through Plaintiff's employer. The insurance policy has a waiver of premium benefit in the event Ms. Dysinger became disabled.

6.   Ms. Dysinger became disabled and unable to work due to illness and therefore made a claim for the waiver of premium benefit to keep her life insurance policy in force.

7.   Plaintiff provided all information requested by Unum and complied with all conditions precedent to receiving the waiver of premium benefit in the policy.

8.   In its handling of Plaintiff's claim, and as a matter of routine business practice in handling like claims under these policies, the Defendant breached the insurance agreement and its duty to deal fairly and act in good faith towards the Plaintiff by:

a.    failing and refusing payment and other policy benefits on behalf of Plaintiff at a time when Defendant knew that they were entitled to those benefits;

b.    failing to properly investigate Plaintiff's claims and to obtain additional information both in connection with the original refusal and following the receipt of additional information;

c.    withholding payment of the benefits on behalf of Plaintiff knowing that Plaintiff's claims for those benefits were valid;

d.    refusing to honor Plaintiff's claims in some instances for reasons contrary to the express provisions of the policy and/or Oklahoma law;

e.    refusing to honor Plaintiff's claims in some instances by applying restrictions not contained in the policy;

f.    refusing to honor Plaintiff's claims in some instances by knowingly misconstruing and misapplying provisions of the policy;

g.    failing to adopt and implement reasonable standards for the prompt investigation and reasonable handling of claims arising under these policies, to include Plaintiff's claims;

h.    not attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff's claims once liability had become reasonably clear;

2

    i.      forcing Plaintiff, pursuant to its standard claims practice, to retain counsel in order to secure benefits Defendant knew were payable; and

    j.      failing to properly evaluate any investigation that was performed;

all in violation of the covenant of good faith and fair dealing and resulting in a financial benefit to the Defendant.

9.     As a direct result of Defendant's breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered loss of policy benefits, emotional injury, anxiety, distress, worry and other incidental and other consequential damages.

10.    Defendant's actions were intentional, willful, malicious, wanton and/or reckless, for which punitive damages should be assessed against Defendants.

**WHEREFORE**, Plaintiff prays for judgment against the Defendant, UNUM Life Insurance Company of America for her damages, both compensatory damages and punitive damages, with interest and costs of this action, for a reasonable attorney fee, and for such other relief as may be appropriate. The amount sought as damages in in excess of the amount required for diversity jurisdiction pursuant to §1332 of Title 28 of the United States Code.

MANSELL ENGEL & COLE

By: s/Steven S. Mansell
    Steve S. Mansell, OBA #10584
    Mark A. Engel, OBA #10796
    Kenneth G. Cole, OBA #11792
    101 Park Avenue, Suite 665
    Oklahoma City, OK 73102-7203
    T: (405) 232-4100 ** F: (405) 232-4140
    Email: mansell-engel@coxinet.net

**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIMED**    **ATTORNEYS FOR PLAINTIFF**

3